ORIGINAL

FILED
SEP 1 0 2003
U.S. COURT OF
FEDERAL CLAIMS

R. PATRICK JARESS #1028-0
JARESS & LEONG
737 Bishop Street, Suite 2920
Honolulu, Hawaii 96813
Telephone: (808) 531-3151
Fax: (808) 531-6064
Email: patjaress@hotmail.com

by leave of the Judge

Attorney for Plaintiffs

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| EDWARD T. ARAKAKI and HELEN ARAKAKI, | NO. 03-1874C |
| | Judge Emily C. Hewitt |
| Plaintiffs, | |
| vs. | FOURTH AMENDED COMPLAINT FOR BREACH OF CONTRACT; SUMMONS; CERTIFICATE OF SERVICE |
| UNITED STATES OF AMERICA | |
| Defendants. | |

FOURTH AMENDED COMPLAINT FOR BREACH OF CONTRACT

COMES NOW Plaintiff EDWARD T. ARAKAKI and HELEN ARAKAKI, (hereinafter collectively referred to as "ARAKAKI") by and through their undersigned counsel, and for a FOURTH Amended Complaint against Defendant UNITED STATES OF AMERICA, aver and allege as follows:

1. For all times relevant herein, Plaintiffs EDWARD T. ARAKAKI and HELEN ARAKAKI were residents of the City and County of Honolulu, State of Hawaii.

2. HELEN ARAKAKI is presently a resident of California.

3. Defendant UNITED STATES OF AMERICA is a sovereign and is responsible for the actions of the Department of Housing and Urban Development ("HUD"), an agency or department thereof and is being sued under the Tucker Act for breach of Agreement.

4. The United States Court of Federal Claims has jurisdiction under 28 U.S.C. § 1491(a)(1).

5. Prior to October 1991, Plaintiff was contacted by persons working with HUD for the purpose of inducing him to purchase a 76-unit apartment building. HUD insured the loan on the building.

6. On October 17, 1991, Mr. Ewing, a HUD official, met with the Plaintiff to persuade him to purchase the 76-unit apartment building, even though the gross income from rents was below the operating expenses and money necessary to service the debt.

7. Mr. Ewing told Plaintiff that the bank would be assigning the loan to HUD, and that HUD would allow any unpaid loan amounts to accumulate without foreclosing until the building became profitable. HUD later did follow through on this promise.

8. HUD also said that if HUD ever wanted to sell the property, that Plaintiff would have the right to bid at an auction and cut his losses.

9. This right to bid on the delinquent note was the safety valve for Plaintiff since these types of notes sold at a large discount from the unpaid balance.

10. In fact, the building note was eventually sold for only 70% of the unpaid balance.

11. The price of the loans were typically low enough that conventional financing would be available. Interest expenses would drop because of the lower principal amount of the loan and the lower interest rate. Cash needs for the principal payments would also drop. This would make the apartment profitable rather than unprofitable.

12. HUD's promise that Plaintiff could bid on his loan was made in consideration of Plaintiff investing more that $500,000 a third party's 76-unit apartment building described above.

13. HUD concedes in writing that it gave the assurances to Plaintiff that he could bid on his loan if it was sold.

14. On Monday October 20, 1991, Plaintiff agreed to buy the building for $3 million.

15. After Plaintiffs purchased the apartment building, the bank did assign the building's loan to HUD. HUD did allow shortfalls on the loan payments to accumulate by way of a provisional workout agreement.

16. Then, by letter dated July 5, 1995, HUD told Plaintiff that it planned to include the mortgage loan on his property in an upcoming sale.

17. But then almost a year later HUD sold the loan on June 27, 1996, and precluded Arakaki from bidding on his loan, despite the earlier assurances by HUD to Plaintiff that if he bought the then unprofitable property Plaintiff would be allowed to bid on his loan if it was ever sold.

18. In 1998, the new owner of the loan foreclosed and Plaintiff lost the property.

19. HUD concedes that it gave the assurances to Plaintiff that he could bid on his individual loan, but HUD argues: 1) HUD could save considerable money by bundling loans together for one large auction, 2) That Congress requires bundling of loans for auctions, and 3) nothing had been committed to writing regarding Plaintiff's right to bid at the auction, and, therefore the assurances were not enforceable.

20. HUD's breach was substantial because, if HUD had told Plaintiff that it could change its mind and bundle his loan with other loans or otherwise prevent him from bidding on his loan, Plaintiff would not have invested the money to purchase the property and HUD would not have received a substantial portion of the money Plaintiff paid for the property.

21. HUD was unjustly enriched by its actions and Plaintiffs investment.

22. As a direct and proximate result of HUD's actions as alleged above, Plaintiff has suffered the loss of his down payment, the loss of his investment in the property, expenses, and interest paid, and other compensatory, pecuniary, special, and general damages.

23. Plaintiff filed the lawsuit on June 5, 2002, which is within six years of when HUD breached the agreement on June 27, 1996.

WHEREFORE, Plaintiffs pray that:

A. The Court enter a Judgment in favor of Plaintiffs and against Defendant ordering Defendant to pay over to Plaintiffs the sum to be determined at trial, including without limitation benefit of the bargain damages, restitution, compensatory, special, pecuniary, consequential, and general damages;

B. The Court award to Plaintiffs prejudgment interest;

C. The Court award to Plaintiffs reasonable attorney's fees and costs; and

D. The Court grant Plaintiffs such other and further relief as is just and proper.

DATED: Honolulu, Hawaii, August 29, 2003.

R. PATRICK JARESS, ESQ.
Attorney for Plaintiffs

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| EDWARD T. ARAKAKI and HELEN ARAKAKI, | ) NO. 03-1874C |
| | ) Judge Emily C. Hewitt |
| Plaintiffs, | ) SUMMONS |
| vs. | ) |
| UNITED STATES OF AMERICA | ) |
| Defendants. | ) |

SUMMONS

To the above-named Defendants:

YOU ARE HEREBY SUMMONED and required to serve upon R. Patrick Jaress, Plaintiff's attorney, at 737 Bishop Street, Suite 2920, Honolulu, Hawaii, 96813, an answer to the Fourth Amended Complaint which is herewith served upon you. This action must be taken within twenty (20) days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Fourth Amended Complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

DATED: Honolulu, Hawaii ______________________________

______________________________
CLERK OF THE ABOVE-ENTITLED COURT

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | |
|---|---|
| EDWARD T. ARAKAKI and HELEN ARAKAKI, | ) NO. 03-1874C |
| | ) Judge Emily C. Hewitt |
| Plaintiffs, | ) |
| | ) CERTIFICATE OF SERVICE |
| vs. | ) |
| UNITED STATES OF AMERICA | ) |
| Defendants. | ) |

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on the date of filing a copy of the foregoing document was duly served by facsimile and/or hand delivery on the following:

EDWARD H. KUBO, JR.
United States Attorney
District of Hawaii

R. MICHAEL BURKE FACSIMILE: (808) 541-2958
Assistant U.S. Attorney
Room 6-100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, HI 96850

DATED: Honolulu, Hawaii, Aug 29, 2003

R. PATRICK JARESS
Attorney for Plaintiff

Docket No. 03-1874C

UNITED STATES COURT OF FEDERAL CLAIMS

MEMORANDUM

TO: JUDGE Hewitt
FROM: CLERK'S OFFICE

The attached was received on 9-5-03
and the following defect(s) is/are noted:

1. ✓ Untimely, due to be filed by 9-4-03 [Rule 7.1]

2. ___ Proof of service: [Rule 5.1]
___ is missing; ___ is not signed and/or dated;
___ shows service on wrong attorney or of wrong item;
___ is not attached to each document or copy

3. ___ Not signed by the attorney of record [Rules 11 and 83.1(c)(2)]

4. ___ Does not comply with the provisions of Rule:

| | | |
|---|---|---|
| ___ | 5.2(a)(1)(A) | Re: table of contents or index to appendix is missing (or in wrong location) |
| ___ | 5.2(a)(1)(G) | Re: index to appendix is to be located in both the front of the brief and in front of the appendix |
| ___ | 5.2(b) | Re: length of briefs or memorandum |
| ___ | 5.3(c) | Re: binding |
| ___ | 5.3(d) | Re: original/copies missing |
| ___ | 5.3(g) | Re: Judge's name on all filings |
| ___ | 24(c) | Re: motion to be accompanied by a pleading |
| ___ | 7(b) | Re: brief, supporting memorandum, affidavits shall be attached to motion |
| ___ | 56(h) | Re: proposed findings and/or response to proposed findings is missing or not a separate document |
| ___ | 56.1(b) | Re: statement of facts and/or counter-statement of facts is missing or not a separate document |
| ___ | 77.1(a) | Re: improper use of the night box |
| ___ | 83.1(c)(1) | Re: one attorney for a party; attorney to be an individual not a firm |
| ___ | ___ | Re: ___ |

5. ___ Original affidavit(s)/declaration(s) is/are missing
6. ___ No provision in the Rules for the filing of this item
7. ___ ___

Debbie
Deputy Clerk

To: **CLERK'S OFFICE**

**THE ATTACHED ITEM IS TO BE:**

_____ Filed by my leave, **OR**,

***PURSUANT TO THE ACCOMPANYING ORDER:***
(Note - This is a separately written order)

✓ Filed by leave of the judge and party is being notified for correction of defect(s) as to future filings.

_____ Returned to party for correction of defects, with the document to be filed by leave of the judge, if it is out of time, with opposing counsel's time to respond to run from the date of re-service.

_____ Returned to party for correction of defect(s).

9/10/03
Signature

[signature]
Date