# EXHIBIT D

U.S. Department of Housing and Urban Development
Washington, D.C. 20410-8000

OFFICE OF THE ASSISTANT SECRETARY FOR
CONGRESSIONAL AND INTERGOVERNMENTAL RELATIONS

SEP 22 1997

Honorable Daniel K. Inouye
United States Senate
Washington, DC 20510-1102

Dear Senator Inouye:

Thank you for your letter of August 13, 1997, on behalf of Ed Arakaki, regarding the mortgage on Lake Mead Villas Apartments (FHA #125-35100) in Las Vegas, Nevada. As you know, HUD included this loan in the June 27, 1996, Partially Assisted Loan Sale.

In my May 24, 1996, letter to you, I stated that "Mr. Arakaki may be reassured in learning that borrowers in default will be able to negotiate a discounted settlement or restructure the non-performing loan into a performing loan." Unfortunately, that statement was not accurate. After the loans were sold, the Department did not retain authority with respect to the loans or underlying projects. However, HUD does remain the Contract Administrator for the units covered by Section 8 project-based assistance in each project. HUD retained all of its authority under the Housing Assistance Payment (HAP) contracts for these assisted units, and the Department can take necessary actions relating to these HAP contracts. Any other actions taken after the sale, including foreclosure, compromise with the borrower, or restructuring the loan, are solely within the discretion of the purchaser of the loans. I apologize to Mr. Arakaki for the confusion.

In an August 30, 1996, letter to William H. Harrison, Director of Subsidized Property Management at Eugene Burger Management Corporation, from Audrey Hinton, Associate Director for Operations in the Office of Multifamily Asset Management and Disposition, Mr. Harrison was advised that the "....methods for liquidating the loans will probably include negotiating discounted pay-offs with borrowers, foreclosing and selling the property, or working out and selling the mortgage loans." Mr. Arakaki received a copy of this letter, and I am enclosing a copy for your information as well. WHUDA General Partners, Inc., the loan purchaser, hired J.E. Roberts and Co., Inc. (now known as Archon Group, L.P.) to service the assets and liquidate the loans. As you know, Archon Group, L.P. has commenced foreclosure on Lake Mead Villas Apartments.

**EXHIBIT D**

Regarding the Section 8 funds that HUD withheld, some background information may be helpful. As of December 1, 1995, HUD withheld Section 8 project-based assistance funds for the 30 units in the project that are covered by a HAP contract. The Department withheld these funds because Mr. Arakaki had violated several Articles of the project's Regulatory Agreement, and had also violated an article of the Section 8 HAP contract. The most serious violation was that there was no HUD-approved management agent in place at the project. The violations have now been corrected, and I am pleased to tell you that HUD's Nevada State Office is releasing the Section 8 funds to Mr. Arakaki. The project's current HUD-approved management agent is doing a good job, and the project is in good condition.

The $713,127.69 that Mr. Arakaki refers to in his most recent letter to you is the amount that was needed to bring his mortgage loan current as of June 1, 1996. Mr. Arakaki will need to consult with his present lender to determine the amount needed to bring the mortgage loan on Lake Mead Villas Apartments current.

In my May 24, 1996 letter, I explained that Mr. Arakaki was initially told by HUD's Nevada State Office that if the mortgage loan was ever sold he would be able to bid on it. However, as e mortgages in the Partially Assisted Loan Sale had Section 8 oject-based subsidy, HUD opted for a structured financing sale, which does not allow mortgagors to purchase their loans.

Should Mr. Arakaki have any questions regarding the HAP contract administered by HUD, he may contact David F. Ewing, the asset manager for Lake Mead Villas Apartments, in HUD's Nevada State Office. Mr. Ewing may be reached at (702) 388-6500. Otherwise, he should contact Monte Morrow at Archon Group, L.P., at (213) 633-5871, about any other servicing questions regarding his loan.

I hope this information is helpful to you in your response to Mr. Arakaki. If I can be of further assistance to your staff, please have them contact me.

Sincerely,

Hal C. DeCell III
Assistant Secretary

Enclosure