# In the United States Court of Federal Claims

No. 03-1874 C

(E-Filed: June 14, 2004)

EDWARD T. ARAKAKI and HELEN ARAKAKI,
Plaintiffs,

v.

THE UNITED STATES,

Defendant.

ORDER

The parties shall file with the court a copy of the mortgage agreement between plaintiffs and defendant on or before Friday, June 18, 2004. The parties shall fax a courtesy copy of the mortgage agreement to chambers (202-219-9552) by 5:00 p.m. E.D.T. on the day it is due.

In connection with the parties' preparation for oral argument scheduled for Tuesday, June 22, 2004, in addition to their currently planned arguments, the court requests the parties to address the following issues:

1. What do plaintiffs contend that HUD promised them?
   – A right to bid on their mortgage?
   – A right to purchase their mortgage?
   What is the evidence for and against either contention? Where is this evidence located in the record?

2. Do plaintiffs contend that HUD promised them the right to bid on their mortgage as an individual mortgage? What is the evidence for and against this contention? Where is this evidence located in the record?

3. What were the opening and closing dates for submitting bids on the bundle of mortgages that included plaintiffs' mortgage? Where is this information located in the record?

4. Disregarding any financial barriers to plaintiffs, did HUD prohibit plaintiffs from bidding on the bundled group of mortgages that included plaintiffs' mortgage?

5. Did plaintiffs ever attempt to place a bid on the bundled mortgages that included plaintiffs' mortgage?

6. Can plaintiffs' letters to HUD expressing their interest in negotiating to purchase the mortgage on their property be considered a bid? <u>See</u> Plaintiff[s'] Memorandum in Opposition to Defendant's Motion to Dismiss Filed on January 16, 2003 Ex. A (letter from Arakaki to Rains of 8/19/95); <u>id.</u> Ex. B (letter from Arakaki to Sullivan of 9/27/95).

7. Did plaintiffs have the resources, or could they have gathered the resources, to bid on the bundle of mortgages that included plaintiffs' mortgage, when it was sold in 1996?

8. In 1991, when David Ewing was working at HUD, what was his job title? What office or department within HUD did he work in? What positions were above Mr. Ewing in his chain of command?

9. If the court finds the alleged contract to be a possible modification of the written mortgage agreement, did Mr. Ewing have the contracting authority to modify the mortgage on behalf the federal government?

10. If the court finds the alleged contract to be a possible contract separate and distinct from the mortgage agreement, did Mr. Ewing have the contracting authority to enter into a separate contract on behalf of the federal government?

11. Discuss the applicability of the following cases to the issue of whether Mr. Ewing had the authority to either modify plaintiffs' mortgage, or enter into a separate contract with plaintiffs: <u>LDG Timber Enters. Inc. v. Glickman</u>, 114 F.3d 1140 (Fed. Cir. 1997); <u>Peters v. United States</u>, 694 F.2d 687 (Fed. Cir. 1982).

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge