FHA FORM NO. 4146-e
~~XXXXXXXXXX~~
Revised June 1964

# DEED OF TRUST NOTE

Post-it™ brand fax transmittal memo 7671 | # of pages ▸ 3

| | |
|---|---|
| To Dave Ewing | From Judy Grenville |
| Co. | Co. |
| Dept. | Phone # 687-4258 |
| Fax # 388-6730 | Fax # |

$ 2,500,000.00

Las Vegas, Nevada.
April 1, 1983.

FOR VALUE RECEIVED, the undersigned, LAKE MEAD VILLA APARTMENTS, a Nevada General Partnership promises to pay to SEAFIRST MORTGAGE CORPORATION a corporation of the State of Washington, or order, at its principal place of business in the city of Seattle, State of Washington, or at such other place as may be designated in writing by the holder of this Note, the principal sum of TWO MILLION FIVE HUNDRED THOUSAND AND NO/100---------------------------------- Dollars ($ 2,500,000.00), with interest from date at the rate of TWELVE AND SEVEN/EIGHTHS per centum (12.875%) per annum on the unpaid balance ~~until paid. The principal and interest shall be payable in monthly installments as follows:~~ up to and including the cut-off date established or selected for cost certification purposes, and THIRTEEN PER CENTUM (13%) beginning with the date following cost certification cut-off up to and including the date of final endorsement (interim rate) or the scheduled date for commencement of amortization, whichever comes first. Thereafter, interest shall be payable at the rate of ELEVEN PER CENTUM (11%) per annum (permanent loan rate) on the unpaid balance until paid. In the event that the Secretary of Housing and Urban Development becomes the holder of this note before the interest rate is reduced to the said permanent loan rate, the Secretary shall have the option of reducing the interest rate to a rate no lower than the said permanent loan rate.

The said principal and interest shall be payable in monthly installments as follows: Interest alone payable on the first day of May, 1983 and on the first day of each month thereafter up to and including March, 1984. Thereafter, commencing on the first day of April, 1984 monthly installments of interest and principal shall be paid in the sum of TWENTY THREE THOUSAND EIGHT HUNDRED EIGHT AND 09/100 DOLLARS ($23,808.09) each, such payments to continue monthly thereafter on the first day of each month until the entire indebtedness has been paid. In any event, the balance of principal (if any) remaining unpaid, plus accrued interest shall be due and payable on March 1, 2014. The installments of interest and principal shall be applied first to interest at the rate of ELEVEN PER CENTUM (11%) per annum upon the principal sum or so much thereof as shall from time to time remain unpaid, and the balance thereof shall be applied on account of**

~~Privilege is reserved to pay the debt in whole or in an amount equal to one or more monthly payments on the principal next due, on the first day of any month prior to maturity upon at least thirty (30) days prior written notice to the holder. If this debt is paid in full prior to maturity and while insured under the provisions of the National Housing Act, as amended, all parties liable for payment hereof hereby agree to be jointly and severally bound to pay to the holder hereof such adjusted mortgage insurance premium as may be required by the applicable Regulations.~~

~~The amount of any prepayment charge shall be applicable only to the amount of prepayment in any one calendar year which is in excess of fifteen per centum (15%) of the original principal sum of this Note.~~

If default be made in the payment of any installment under this Note, and if such default is not made good prior to the due date of the next such installment, the entire principal sum and accrued interest shall at once become due and payable without notice; at the option of the holder of this Note. Failure to exercise this option shall not constitute a waiver of the right to exercise the same in the event of any subsequent default. In the event of default in the payment of this Note, and if the same is collected by an attorney at law, the undersigned hereby agree(s) to pay all costs of collection, including a reasonable attorney's fee.

No default shall exist by reason of nonpayment of any required installment of principal so long as the amount of optional additional prepayments of principal already made pursuant to the privilege of prepayment set forth in this Note equals or exceeds the amount of such required installment of principal.

All parties to this Note, whether principal, surety, guarantor or endorser, hereby waive presentment for payment, demand, protest, notice of protest and notice of dishonor.

This Note is secured by Deed of Trust upon real estate in Clark County, Nevada.

**principal. (See attached Rider incorporated herein for additional terms and conditions.

LAKE MEAD VILLA APARTMENTS,
a Nevada General Partnership

Signed ~~and sealed~~ the day and year first above written.

By [signature]
Lewis Hildreth, General Partner

XXXXXXXXXXXXXXXXXX

By [signature]
A. F. Henriksen, General ~~XXXXXXXX~~ Partner

XXXXXXX ____________________ XXXXXXXX

By [signature]
Ray Henriksen, General Partner

THIS IS TO CERTIFY that this is the Note described in and secured by Deed of Trust of even date herewith and in the same principal amount as herein stated and secured by real estate situated in Clark County, Nevada.

Dated April 21, 1983.

[signature]
Notary Public

GERALDINE CHAVIS
NOTARY PUBLIC-CALIFORNIA
PRINCIPAL OFFICE IN
CITY AND COUNTY OF SAN FRANCISCO
My Commission Expires Oct. 26, 1984

2,480,900

**STATE OF NEVADA**

LOAN NO. T-600189-5

# Deed Of Trust Note

LAKE MEAD VILLA APARTMENTS,
a Nevada General Partnership
TO
SEAFIRST MORTGAGE CORPORATION

FHA No. 125-35100-PM-L8

Insured under Sec. 221(d)(4) of the National Housing Act and Regulations thereunder of the Federal Housing Commissioner

In effect on November 18, 1982

To the extent of advances approved by the Commissioner

FEDERAL HOUSING COMMISSIONER

By [signature]
(Authorized Agent)

Date April 21, 1983

A total sum of $2,480,900 has been approved for insurance hereunder by the Commissioner

FEDERAL HOUSING COMMISSIONER

By [signature]
(Authorized Agent)

Date June 8, 1984

Reference is made to the Act and to the Regulations thereunder covering assignments of the insurance protection on this note.

48693-P Rev. 5/64 FHA-Wash., D. C.

For value received, all right, title and interest of the undersigned to the within note, the unpaid balance of which is $2,377,153.59, together with interest thereon, are hereby assigned to the Secretary of Housing and Urban Development his successors and assigns, without recourse or warranty, except as shown in that certain assignment of even date assigning to said Secretary the mortgage securing this note.

NEVADA HOUSING DIVISION

By:
Charles L. Horsey, III
Administrator
Date: [signature]

PAYABLE TO THE ORDER OF THE NEVADA HOUSING DIVISION, WITHOUT RECOURSE.

SEAFIRST MORTGAGE CORPORATION

By: [signature]
G. Eric Pucher, Vice President

RIDER TO DEED OF TRUST NOTE

LAKE MEAD VILLA APARTMENTS,
a Nevada General Partnership
FHA Project No. 125-35100-PM-L8

In the event that final endorsement has not taken place at least one month prior to the aforesaid date for commencement of installments of interest and principal, then the undersigned shall be required to pay the aforesaid installments of principal and interest, plus an additional amount representing the difference between interest at the permanent rate of ELEVEN PER CENTUM (11%) and the interim rate of THIRTEEN PER CENTUM (13%) for each month or part of a month that precedes final endorsement. Notwithstanding anything herein to the contrary, such payment shall be applied first to interest at the interim interest rate of THIRTEEN PER CENTUM (13%) and then to principal. After final endorsement the additional interest shall no longer be payable.

Pursuant to Section 221.524(d) of 24 C.F.R. the indebtedness represented by this Deed of Trust Note may not be prepaid either in whole or in part prior to the final maturity date thereof without the prior written approval of the Mortgagee and the Federal Housing Commissioner. The consent of the Mortgagee to prepay the debt, in whole or in part, will not be unreasonably withheld and may be conditioned upon payment to the Mortgagee by the Mortgagor of such fees and charges which are reasonable as determined by the Commissioner and which are related to the Mortgagee's cost of redeeming the bonds sold to finance the loan.

In the event that the Borrower shall fail to make any monthly payment due the holder within fifteen (15) days after the due date hereof, the holder may, at its option, impose a late charge upon the Borrower in an amount not to exceed two percent (2%) of said monthly payment; provided, nevertheless, that so long as this Deed of Trust shall be insured by the Federal Housing Administration, any late charge shall be separately charged to and collected from the Borrower and shall not be deducted from any aggregate monthly payment.

The Maker assumes no personal liability for the payment hereof except as set out in this Deed of Trust of even date given to secure this indebtedness.

LAKE MEAD VILLA APARTMENTS,
a Nevada General Partnership

By ______________________
Lewis Hildreth, General Partner

By ______________________
A. F. Henriksen, General Partner

By ______________________
Ray Henriksen, General Partner

# DEED OF TRUST

THIS DEED OF TRUST, made and entered into this 1st day of April, in the year 19 83, by and between LAKE MEAD VILLA APARTMENTS, a Nevada General Partnership, ~~a corporation~~ organized and existing under the laws of the State of Nevada, having its principal place of business at 3651 South Lindell Road, Suite A, Las Vegas, Nevada 89103, party hereto of the first part, hereinafter sometimes referred to as the "Grantor," and LAND TITLE OF NEVADA, INC., of 2800 W. Sahara Avenue, Las Vegas, Nevada, as Trustee, party of the second part, hereinafter sometimes referred to as the "Trustee," and SEAFIRST MORTGAGE CORPORATION, a corporation organized and existing under the laws of the State of Washington, with its principal office in the City of Seattle, State of Washington, party hereto of the third part and hereinafter sometimes referred to as the "Beneficiary" (which designations shall include the respective successors and assigns and the successors in the interest of the several parties).

WHEREAS, the party of the first part is justly indebted to the party of the third part in full sum of TWO MILLION FIVE HUNDRED THOUSAND AND NO/100----------------------------Dollars ($ 2,500,000.00),

evidenced by its Note of even date herewith, bearing interest from date on outstanding balance at ELEVEN (11%)** per cent per annum, payable in monthly installments beginning on the first day of the month following the date hereof with a final maturity of March 1, 2014, which Note is identified as being secured hereby by a certificate thereon. Said Note and all of its terms are incorporated herein by reference; however evidenced. **See Rider "A" attach

AND WHEREAS, the Grantor desires to secure to the Beneficiary the full and punctual payment of said debt and interest thereon, and to secure the performance of the covenants herein contained, as well as any and all renewals or extensions of said Note, or of any part thereof, with interest thereon; and also to secure the reimbursement to the holder or holders of said Note and to the Trustee or substitute trustee, for all money which may hereafter be advanced for any purpose provided for by the terms of this Deed of Trust or the covenants hereof adopted by reference, and for any and all costs and expenses (including reasonable attorney's fees) incurred or paid on account of any litigation at law or in equity which may arise in respect to this trust, or to the indebtedness or to the property herein mentioned, or in obtaining possession of the premises after any sale which may be made as hereinafter provided for;

NOW, THEREFORE, THIS DEED OF TRUST WITNESSETH: That the said Grantor, in consideration of the premises and of One Dollar ($), to it in hand paid by the Trustee (the receipt of which, before the sealing and delivery of these presents, is hereby acknowledged), has granted, bargained, sold, conveyed, and confirmed and does hereby grant, bargain, sell, convey, and confirm unto the Trustee, his successors and assigns in trust forever, the following-described land and premises with the improvements thereon, together with all privileges, hereditaments, water rights, mineral rights, easements, rights, ways and appurtenances thereunto belonging, situated and lying in Las Vegas, in the County of Clark, State of Nevada, more particularly described as follows:

See Schedule "A" attached hereto and by this reference made a part hereof for legal description.

That certain Regulatory Agreement of April 1, 1983, between Grantor and the Nevada Housing Division ~~to be recorded upon acquisition of the loan by the Nevada Housing Division~~ is incorporated in and made a part of this Deed of Trust.

Pursuant to Section 221.524(d) of 24 C.F.R. the indebtedness represented by this Deed of Trust may not be prepaid either in whole or in part prior to the final maturity date thereof without the prior written approval of the Beneficiary and the Federal Housing Commissioner.

The consent of the Beneficiary to prepay the debt, in whole or in part, will not be unreasonably withheld and may be conditioned upon payment to the Beneficiary by the Grantor of such fees and charges which are reasonable as determined by the Commissioner and which are related to the Nevada Housing Division's cost of redeeming the bonds sold to finance the loan.

The covenant of the maker to pay principal and interest is included in the Note secured hereby for the purpose of establishing and continuing the existence of the indebtedness. However, it is a condition of said covenant and those contained herein that in the event of default under the terms hereof, the holder shall take no action against the maker(s) personally except such as may be necessary to subject to the satisfaction of the indebtedness, the property described herein and any chattels appurtenant to the use thereof, PROVIDED, that nothing in this condition and no action so taken shall operate to impair any obligation of the maker under the Building Loan Agreement and the Regulatory Agreement herein referred to and made a part hereof.

TOGETHER with all of the rents, issues, and profits which may arise or be had therefrom; and all building materials and equipment now or hereafter delivered to said premises and intended to be installed therein;

TOGETHER with all buildings and improvements of every kind and description now or hereafter erected or placed thereon, and all fixtures, including but not limited to all gas and electric fixtures, engines and machinery, radiators, heaters, furnaces, heating equipment, steam and hot water boilders, stoves, ranges, elevators and motors, bathtubs, sinks, water closets, basins, pipes, faucets and other plumbing and heating equipment, cabinets, mantels, refrigerating plant and refrigerators, whether mechanical or otherwise, cooking apparatus and appurtenances, furniture, shades, awnings, screens, venetian blinds and other furnishings; and

All articles of personal property owned by the party of the first part and now or hereafter attached to or used in and about the building or buildings now erected or hereafter to be erected on the lands herein described which are necessary to the complete and comfortable use and occupancy of such building or buildings for the purposes for which they were or are to be erected, including all goods and chattels and personal property as are ever used or furnished in operating a building or the activities conducted therein similar to the one herein described and referred to, and all renewals or replacements thereof or articles in substitution therefor, whether or not the same are, or shall be attached to said building or buildings in any manner. It is hereby agreed that to the extent permitted by law all of the foregoing property and fixtures are to be deemed and held to be a part of and affixed to the realty.

TO HAVE AND TO HOLD the above granted and bargained premises, together with all the privileges and appurtenances, unto said Trustee, its successors in this trust, and assigns, forever, to its and their proper use and behoof.

AND the said Grantor does hereby covenant for itself, its successors and assigns, that it is seized of said land and premises in fee simple and has the right to convey the same to the said Trustee, that the said Trustee shall have quiet possession thereof, free from all encumbrances, and that it, the said Grantor, will execute such further assurances thereof as may be requisite.

IN AND UPON THE USES AND TRUSTS FOLLOWING, that is to say:

Until any default in payment of any matter of indebtedness hereby secured as herein provided for, or until breach of any of the covenants herein contained, to permit the said Grantor, its successors and assigns, to possess and enjoy said land and premises, and to receive the rents, issues, and profits thereof; and on full payment of said Note, and of any extensions or renewals thereof, and interest thereon, and all sums advanced or expended as herein provided, and all other proper costs, charges, expenses, commissions, and half-commissions, at any time before the sale hereinafter provided for, to release and reconvey unto and at the cost of the said Grantor, or the party or parties then claiming under it, the aforesaid land and premises.

Upon any default being made in the payment of any installment of principal and/or interest under said Note or payment of any monthly sum as hereafter provided in paragraph 9 *(a)* or *(b)* hereof, not made good prior to the due date of the next such payment, or in payment of any ground rent, tax or assessment or water rate, or hazard insurance premium (it being hereby agreed that in default thereof, the Beneficiary may pay same and that any sum so paid or paid by Beneficiary for mortgage insurance premiums not otherwise provided for, or for repairs or for any proper cost or expense of this trust, shall be secured hereby, shall bear interest at the rate specified in the Note and shall be payable on demand), or upon failure to keep or perform any covenant agreement or condition hereunder, the entire unpaid balance of the principal sum and all advances with unpaid interest to date shall immediately become due at the option of the Beneficiary and thereupon the Trustee, or his successor in this trust, shall have power and it shall be his duty, after (1) the lapse of 15 days during which the Grantor shall have failed to make good such default, (2) after due recording in the office of the recorder in the county where the property lies of notice of such default and election by the Beneficiary to cause the trust property to be sold in payment of the debt after (3) the elapse of at least 3 months and (4) after the Trustee shall have given notice by publication and /or otherwise as of the time and place of such sale, all as required by law, to sell and in case of any default of any purchaser, to resell at public auction for cash in one or more parcels, the mortgaged premises and property herein described and to convey the same in fee simple upon compliance with the terms of the sale to and at the cost of the purchaser or purchasers thereof, who shall not be required to see to the application of the purchase money; and to apply the proceeds of said sale or sales; Firstly, to pay all proper costs, charges and expenses, including all attorneys' and other fees, herein provided for, and all moneys advanced for costs or expenses of litigation as aforesaid, or taxes or assessments, water rates, or insurance or mortgage insurance with interest thereon as aforesaid, and all taxes, general and special, and assessments, due upon said land and premises at time of sale; Secondly, to retain as compensation a commission of one percentum (1%) on the gross amount of the said sale or sales; Thirdly, to pay whatever may then remain unpaid of the principal of the said Note whether same shall be due or not, and the interest thereon to date of payment; and, Lastly, to pay the remainder of said proceeds, if any, to said Grantor, or assigns, upon the delivery of and surrender to the purchaser, his, her, or their heirs or assigns, of possession of the premises as aforesaid sold and conveyed, less the expense, if any, of obtaining possession.

Party of the first part grants to the holder or holders of the note secured hereby the right and power to appoint a substitute Trustee or Trustees hereunder for any reason whatsoever by instrument of appointment duly executed and acknowledged by the holder or holders of the note and to be filed for record in the office wherein this Deed of Trust is recorded. Such power of appointment may be exercised as often as deemed necessary by the holder or holders of the note. Upon such appointment, the substitute Trustee or Trustees shall be vested with all the rights, powers, authority, and duties vested in the Trustee hereunder.

The Grantor, in order more fully to protect the security hereof, covenants and agrees as follows:

1. That Grantor will pay the Note at the times and in the manner provided therein;

2. That Grantor will not permit or suffer the use of any of the property for any purpose other than the use for which the same was intended at the time this Deed of Trust was executed;

3. That the Regulatory Agreement, if any, executed by the Grantor and the Secretary of Housing and Urban Development, acting by and through the Federal Housing Commissioner, which is being recorded simultaneously herewith, is incorporated in and made a part of this Deed of Trust. Upon default under the Regulatory Agreement and upon the request of the Secretary of Housing and Urban Development, acting by and through the Federal Housing Commissioner, the Beneficiary, at its option, may declare the whole of the indebtedness secured hereby to be due and payable;

4. That all rents, profits and income from the property covered by this Deed of Trust are hereby assigned to the Beneficiary for the purpose of discharging the debt hereby secured. Permission is hereby given to Grantor so long as no default exists hereunder, to collect such rents, profits and income for use in accordance with the provisions of the Regulatory Agreement;

5. That upon default hereunder Beneficiary shall be entitled to the appointment of a receiver by any court having jurisdiction, without notice, to take possession and protect the property described herein and operate same and collect the rents, profits and income therefrom;

6. That at the option of the Grantor the principal balance secured hereby may be reamortized on terms acceptable to the Secretary of Housing and Urban Development, acting by and through the Federal Housing Commissioner if a partial prepayment results from an award in condemnation in accordance with provisions of Paragraph 8 herein, or from an insurance payment made in accordance with provisions of Paragraph 7 herein, where there is a resulting loss of project income;

7. That the Grantor will keep the improvements now existing or hereafter erected on the deeded property insured against loss by fire and such other hazards, casualties, and contingencies, as may be stipulated by the Secretary of Housing and Urban Development, acting by and through the Federal Housing Commissioner upon the insurance of the Deed of Trust and other hazards as may be required from time to time by the Beneficiary, and all such insurance shall be evidenced by standard Fire and Extended Coverage Insurance Policy or Policies, in amounts not less than necessary to comply with the applicable Coinsurance Clause percentage, but in no event shall the amounts of coverage be less than 80% of the Insurable Values or not less than the unpaid balance of the insured Deed of Trust, whichever is the greater, and in default thereof the Beneficiary shall have the right to effect insurance. Such policies shall be endorsed with standard Mortgagee clause with loss payable to the Beneficiary and the Secretary of Housing and Urban Development as interest may appear, and shall be deposited with the Beneficiary;

That if the premises covered hereby, or any part thereof, shall be damaged by fire or other hazard against which insurance is held as hereinabove provided, the amounts paid by any insurance company in pursuance of the contract of insurance to the extent of the indebtedness then remaining unpaid, shall be paid to the Beneficiary, and, at its option, may be applied to the debt or released for the repairing or rebuilding of the premises;

8. That all awards of compensation in connection with condemnation for public use of or a taking of any of that property, shall be paid to the Beneficiary to be applied to the amount due under the Note secured hereby in (1) amounts equal to the next maturing installment or installments of principal and (2) with any balance to be credited to the next payment due under the Note. That all awards of damages in connection with any condemnation for public use of or injury to any residue of that property, shall be paid to the Beneficiary to be applied to a fund held for and on behalf of the Grantor which fund shall, at the option of the Beneficiary, and with the prior approval of the Secretary of Housing and Urban Development, either be applied to the amount due under the Note as specified in the preceding sentence, or be disbursed for the restoration or repair of the damaged residue. No amount applied to the reduction of the principal amount due in accordance with (1) shall be considered an optional prepayment as the term is used in this Deed of Trust and the Note secured hereby, nor relieve the Grantor from making regular monthly payments commencing on the first day of the first month following the date of receipt of the award. The Beneficiary is hereby authorized in the name of the Grantor to execute and deliver valid acquittances for such awards and to appeal from such awards.

9. That, together with and in addition to the monthly payments of interest or of principal and interest, payable under the terms of the Note secured hereby, Grantor will pay to the Beneficiary, on the first day of each succeeding month after the date hereof until the Note is fully paid, the following sums:

*(a)* An amount sufficient to provide the Beneficiary with funds to pay the next mortgage insurance premium if this instrument and the Note secured hereby are insured, or a monthly service charge, if they are held by the Secretary of Housing and Urban Development, as follows:

(I) If and so long as said Note of even date and this instrument are insured or are reinsured under the provisions of the National Housing Act, an amount sufficient to accumulate in the hands of the Beneficiary one month prior to its due date the annual mortgage insurance premium, in order to provide such Beneficiary with funds to pay such premium to the Secretary of Housing and Urban Development pursuant to the National Housing Act, as amended, and applicable Regulations thereunder, or;

(II) If and so long as said Note of even date and this instrument are held by the Secretary of Housing and Urban Development, a monthly service charge in an amount equal to 1/12 of ½% of the average outstanding principal balance due on the Note computed for each successive year beginning with the first day of the month following the date of this instrument, if the Secretary of Housing and Urban Development is the Beneficiary named herein or the first day of the month following assignment, if the Note and this instrument are assigned to the Secretary of Housing and Urban Development without taking into account delinquencies or prepayment;

*(b)* A sum equal to the ground rents, if any, next due, plus the premiums that will next become due and payable on policies of fire and other property insurance covering the premises covered hereby, plus water rates, taxes and assessments next due on the premises covered hereby (all as estimated by the Beneficiary) less all sums already paid therefor divided by the number of months to elapse before one month prior to the date when such ground rents, premiums, water rates, taxes and assessments will become delinquent, such sums to be held by Beneficiary in trust to pay said ground rents, premiums, water rates, taxes, and special assessments.

*(c)* All payments mentioned in the two preceding subsections of this paragraph and all payments to be made under the Note secured hereby shall be added together and the aggregate amount thereof shall be paid each month in a single payment to be applied by Beneficiary to the following items in the order set forth:

(I) premium charges under the Contract of Insurance with the Secretary of Housing and Urban Development or service charge;
(II) ground rents, taxes, special assessments, water rates, fire and other property insurance premiums;
(III) interest on the Note secured hereby;
(IV) amortization of the principal of said Note:

10. In the event the Grantor fails to pay any sums provided for in this Deed of Trust, the Beneficiary, at its option, may pay the same. Any excess funds accumulated under (b) of the preceding paragraph remaining after payment of the items therein mentioned, shall be credited to subsequent monthly payments of the same nature required thereunder; but if any such item shall exceed the estimate therefor, or if the Grantor shall fail to pay any other governmental or municipal charge, the Grantor shall forthwith make good the deficiency or pay the charge before the same become delinquent or subject to interest or penalties and in default thereof the Beneficiary may pay the same. All sums paid by the Beneficiary and any sums which the Beneficiary may be required to advance to pay mortgage insurance premiums shall be added to the principal of the debt secured hereby and shall bear interest from the date of payment at the rate specified in the Note and shall be due and payable on demand. In case of termination of the Contract of Mortgage Insurance by prepayment of the Deed of Trust in full, or otherwise (except as hereinafter provided), accumulations under (a) of the preceding paragraph hereof not required to meet payments due under the Contract of Mortgage Insurance, shall be credited to the Grantor. If the property is sold under foreclosure or is otherwise acquired by the Beneficiary after default, any remaining balance of the accumulations under (b) of the preceding paragraph shall be credited to the principal of the Deed of Trust as of the date of the commencement of foreclosure proceedings or as of the date the property is otherwise acquired; and accumulations under (a) thereof shall be likewise credited unless required to pay sums due the Secretary of Housing and Urban Development under the Contract of Mortgage Insurance;

11. The Grantor will pay all grounds rents, taxes, assessments, water rates, and other governmental or municipal charges, fines, or impositions, for which provision has not been made by payments as hereinbefore provided, and in default thereof the Beneficiary may pay the same. That in pursuance of the provisions of Nevada Revised Statutes 361.250, the parties hereby agree and stipulate that all taxes levied and assessed under the provisions of said act or any amendment or revision thereof which shall be a lien upon the premises and property herein described shall be paid by the owner of the property and not by the Beneficiary hereunder or any subsequent owner of the debt secured hereby;

12. To keep said land and premises and the improvements now or hereafter erected thereon free from all statutory liens and claims of every kind;

13. To keep all buildings, fences, and other improvements now or hereafter erected on said land and premises in good order and repair and not to do or permit waste;

14. The Grantor will not demolish or remove any building now or hereafter erected on said land and premises, without the written consent of the Trustee;

15. That the Beneficiary under this Deed of Trust, in any action to foreclose, shall be entitled to the appointment of a receiver of the rents and profits of the mortgaged premises as a matter of right and without notice, with power to the Trustee to collect the rents, issues, and profits of said mortgaged premises, due and becoming due during the pendency of such foreclosure suit, such rents and profits being hereby expressly assigned and pledged as additional security for the payment of the indebtedness secured by this Deed of Trust, without regard to the value of the mortgaged premises or the solvency of any person or persons liable for the payment of the mortgage indebtedness. The Grantor for itself and any subsequent owner hereby waives any and all defenses to the application for appointment of a receiver as above, and hereby specifically consents to such appointment without notice, but nothing herein contained is to be construed to deprive the Beneficiary of any other right, remedy, or privilege it may now have under the law to have a receiver appointed. The provision for the appointment of a receiver of the rents and profits, and the assignment of such rents and profits, is made an express condition upon which the loan hereby secured is made. The rights and remedies provided for herein shall be deemed to be cumulative and in addition to, and not in limitation of, those provided by law;

16. The Trustee may act hereunder and may sell and convey said land and premises under the power granted by this instrument, although the Trustee has been, may now be, and may hereafter be, attorney or agent of the Beneficiary in respect to the loan made by the Beneficiary evidenced by the Note or this Deed of Trust, or in respect to any matter or business whatsoever. The Beneficiary may bid and become the purchaser at any sale under this Deed of Trust. It is further agreed that, if said property be advertised for sale as herein provided and not sold, the Trustee shall be entitled to a reasonable commission not exceeding one-half of the commission provided in case of sale, to be computed on the amount of principal then unpaid.

17. That Grantor will not voluntarily create or permit to be created against the property subject to this Deed of Trust any lien or liens superior or inferior to the lien of this Deed of Trust; and further, that it will keep and maintain the same free from the claim of all persons supplying labor or materials which will enter into the construction of any and all buildings now being erected or to be erected on said premises;

18. Any notice, demand, or request required or permitted hereunder to be given to the Grantor shall be sufficiently given if in writing and either *(a)* sent to the owner of the land and premises last appearing on the records of the Beneficiary by registered first-class mail, postage prepaid, at the address last appearing on said records; or *(b)* delivered to or served upon an officer of the owner or at the site of the mortgaged property upon the superintendent or assistant superintendent of the owner, or upon a person performing the functions of superintendent or assistant superintendent;

BOOK 1722 681226

19. The Grantor covenants and agrees that so long as this Deed of Trust and the said Note secured hereby are insured under the provisions of the National Housing Act, it will not execute or file for record any instrument which imposes a restriction upon the sale or occupancy of the mortgaged property on the basis of race, color, or creed;

20. That this Deed of Trust and the Note secured hereby were executed and delivered to secure moneys advanced or to be advanced and to be used in the construction of certain improvements on the lands herein described, in accordance with a Building Loan Agreement between the Grantor and the Beneficiary dated April 1, 1983, which Building Loan Agreement (except such part or parts thereof as may be inconsistent herewith) is incorporated herein by reference to the same extent and effect as if fully set forth and made a part of this Deed of Trust, which said Building Loan Agreement Grantor hereby covenants to perform; and if the construction of the improvements to be made pursuant to said Building Loan Agreement shall not be carried on with reasonable diligence, or shall be discontinued at any time for any reason other than strikes or lock-outs, the Trustee, at the request and on behalf of the Beneficiary after due notice to the Grantor or any subsequent owner, is hereby invested with full and complete authority to enter upon the said premises, employ watchmen to protect such improvements from depredation or injury, and to preserve and protect the personal property therein, and to continue any and all outstanding contracts for the erection and completion of said building or buildings, to make and enter into contracts and obligations wherever necessary, either in its own name or in the name of the Grantor, or other owner, and in the name and for the account of the Beneficiary to pay and discharge all debts, obligations, and liabilities incurred thereby. All such sums so advanced by and for the account of the Beneficiary (exclusive of advances of the principal of the indebtedness secured hereby) shall be added to the principal of the indebtedness secured hereby and shall be secured by this Deed of Trust and shall be due and payable on demand with interest at the rate specified in the Note, per annum, but no such advances shall be insured unless same are specifically approved by the Secretary of Housing and Urban Development, acting by and through the Federal Housing Commissioner prior to the making thereof. The principal sum, with interest and other charges provided for herein shall, at the option of the Beneficiary or holder of this Deed of Trust and the Note secured, hereby, become due and payable on the failure of the Grantor, or owner, to keep and perform any of the covenants, conditions, and agreements of said Building Loan Agreement, anything contained herein to the contrary notwithstanding. This covenant shall be terminated upon the completion of the improvements to the satisfaction of the Beneficiary and the making of the final advances as provided in said Building Loan Agreement;

21. The following covenants, to wit, Nos. 3, 5, 6, 7, 8, and 9 of Section 107.030, Title 9, Chapter 107 of the Nevada Revised Statutes, as amended, are hereby adopted and made a part of this Deed of Trust. Counsel fees under covenant No. 7 shall be one (1) percent of the amount secured but not to exceed Two Thousand Dollars ($2,000.00);

22. The Grantor shall not permit or suffer: *(a)* the use of any of the mortgaged property for any purpose other than that for which the same is now agreed upon to be used; *(b)* any alteration of or addition to the buildings or improvements hereafter constructed in or upon said real property without consent of the Beneficiary.

IN TESTIMONY WHEREOF, the said party hereto of the first part has caused these presents to be executed in its partnership name by LEWIS HILDRETH, A. F. HENRIKSEN, and RAY HENRIKSEN, General Partners, said partners being thereunto duly authorized, all as of the day, month, and year first hereinabove written.

LAKE MEAD VILLA APARTMENTS,
a Nevada General Partnership

By [signature]
Lewis Hildreth, General Partner

By [signature]
A. F. Henriksen, General Partner

By [signature]
Ray Henriksen, General Partner

STATE OF NEVADA )
COUNTY OF CLARK ) ss:

On this 15th day of April, A.D. 1983, personally appeared before me, LEWIS HILDRETH, A. F. HENRIKSEN and RAY HENRIKSEN, known to me to be the General Partners of LAKE MEAD VILLA APARTMENTS, the partnership that executed the foregoing instrument, and upon oath did depose and say that they are the General Partners of said partnership; that the signatures to said instrument were made by partners of said partnership as indicated after said signatures; and that the said partnership executed the said instrument freely and voluntarily and for the uses and purposes therein mentioned.

IN WITNESS WHEREOF, I have hereunto set my hand and affixed my official seal at my office in the said County of Clark, the day and year in this certificate first above written.

GLORIA J. BARNHART
Notary Public - State of Nevada
CLARK COUNTY
My Appointment Expires Nov. 30, 1985

My commission expires

[signature]

STATE OF NEVADA

Deed Of Trust

LAKE MEAD VILLA APARTMENTS,
a Nevada General Partnership

Return TO:
SEAFIRST MORTGAGE CORPORATION
Fourth and Blanchard Building
Seattle, Washington 98121
Attention: Commercial Loan Deptment
SMC No. T-600189-5

RIDER "A" TO DEED OF TRUST

LAKE MEAD VILLA APARTMENTS,
a Nevada General Partnership
FHA Project No. 125-35100-PM-L8

Interest at the rate of TWELVE AND SEVEN/EIGHTHS PER CENTUM (12.875%) per annum on the unpaid balance up to and including the cut-off date established or selected for cost certification purposes, and THIRTEEN PER CENTUM (13%) beginning with the date following cost certification cut-off up to and including the date of final endorsement (interim rate) or the scheduled date for commencement of amortization, whichever comes first. Thereafter, interest shall be payable at the rate of ELEVEN PER CENTUM (11%) per annum (permanent loan rate) on the unpaid balance until paid. In the event that the Secretary of Housing and Urban Development becomes the holder of this note before the interest is reduced to the said permanent loan rate, the Secretary shall have the option of reducing the interest rate to a rate no lower than the said permanent loan rate.

LAKE MEAD VILLA APARTMENTS,
a Nevada General Partnership

By ______________________
Lewis Hildreth, General Partner

By ______________________
A. F. Henriksen, General Partner

By ______________________
Ray Henriksen, General Partner

SCHEDULE "A"

Situate in the County of Clark, State of Nevada, described as follows:

That portion of the West Half (1/2) of the Northwest Quarter (NW 1/4) of Section 24, Township 20 South, Range 60 East, M.D.B.&M., described as follows:

Lot One (1) as shown by map thereof on file in file 39 of parcel maps, page 98 recorded March 10, 1983 in Book 1701 of Official Records, Document No. 1660407, Clark County, Nevada records.

82-29649 TSO

CLARK COUNTY NEVADA
JOAN L. SWIFT, RECORDER
RECORDED AT REQUEST OF
LAND TITLE OF NEVADA
APR 21 12 29 PM '83
FEE 900 DEPUTY
OFFICIAL RECORDS
BOOK INSTRUMENT
1722 1681226