DEPARTMENT OF HOUSING AND URBAN DEVELOPMENT

PROJECT NO: 125-35100

EFFECTIVE DATE: March 1, 1993

PROJECT NAME: Lake Mead Villas

EXPIRATION DATE: February 29, 1996

LOCATION: 2115 Winwood Street
Las Vegas, Nevada

PROVISIONAL WORKOUT ARRANGEMENT

The undersigned Mortgagor hereby expressly acknowledges that the mortgage (Deed of Trust) and note secured by the above project is in default. To afford an opportunity to effect reinstatement, the Mortgagor requests the Secretary, Department of Housing and Urban Development, to hold the defaulted note and mortgage on the subject property under the terms and conditions stated herein:

1. Possession. The Mortgagor acknowledges that the default entitles HUD to assume possession of the encumbered premises, but that possession has not been demanded. As an inducement for HUD approval of this Arrangement, the Mortgagor agrees that it will not oppose or interfere in any way should HUD demand possession by reason of subsequent default under the terms of this Arrangement.

2. Junior Obligations. The Mortgagor agrees that project revenues will not be used to repay either interest or principal for any project obligation (other than reasonable and necessary operating expenses) that is junior to the Secretary's lien.

3. Payment Provision.

Beginning March 1, 1993, and continuing through February 29, 1996, the mortgagor will remit by the first of the month a minimum payment sufficient to pay seventy percent (70 %) of interest. This payment is currently $21,790.57 per month. We propose that the monthly mortgage payments be calculated as follows:

| | |
|---|---|
| First Year | 70% of Accruing Interest ($15,253.40) |
| Second Year | 75% of Accruing Interest ($16,342.93) |
| Third Year | 80% of Accruing Interest ($17,432.46) |

b. Past delinquency, if any, in the Reserve for Replacement is hereby forgiven. Payments in the Reserve for the duration of this workout period are hereby waived.

(D)

c. Any funds over $24,034.27 (approximately one month's principal and interest) remaining in the operating account each month after payment of project operating expenses will be remitted in addition to the minimum monthly payment.

d. A two percent late charge may be assessed against payments not received by the fifteenth of the month.

e. At no time will the Owner permit any delinquency to accrue in either the service charge due HUD or tax escrow as billed by HUD each month.

4. Lump Sum Payments. The mortgagor agrees to make the following lump sum payments, to be applied to mortgage delinquencies, on the dates indicated:

$0.00 on or before March 1, 1993

5. Repairs. The mortgagor agrees to escrow $0.00 for repairs upon execution of this Workout Arrangement.

6. Mortgage Modification.

a. If the Mortgagor has fully complied with the terms of this Arrangement, and HUD has determined that it is financially feasible, as of March 1, 1996 HUD agrees to recast any delinquent principal at eleven percent (11%) interest amortized over the remaining term of the mortgage. We propose that, as an alternative option, HUD simply extend the note for the number of months necessary to fully amortize the amount deferred.

b. The mortgagor agrees to modify the note and mortgage to insert a call provision. The call provision give the mortgagee the option to declare the entire indebtedness due and payable at or after ten years.

7. Equity Kicker. Mortgagor agrees to pay to HUD five percent of the gross sales price for a sale or conversion; or five percent of a refinancing (the amount needed to payoff or refinance the mortgages securing the real estate plus any equity "pulled"). This paragraph is not applicable to this situation and no "equity kicker" is due the Secretary.

8. Accounting Reports. During the term of this Arrangement, the Mortgagor shall submit Monthly Reports for Establishing Net Income (Forms HUD-93479, 93480 and 93481) for all project receipts, disbursements and accounts payable. We will continue to submit these reports monthly.

The original copy of each report is to be mailed to the Department of Housing and Urban Development, Office of Multifamily Housing Management, 1500 East Tropicana Avenue, Suite 205, Las Vegas, NV 89119-6516.

9. Distributions. The mortgagor agrees not to take any distributions while the mortgage is being held in default under the terms of this arrangement and of the original Note, Mortgage and Regulatory Agreement.

10. Cancellation Clause. This Arrangement is on a month-to-month basis, based on a three year plan. The Secretary agrees to take no action because of the existing monetary default, provided that the Mortgagor remits the required minimum monthly payment and satisfactorily performs the other requirements of this Arrangement. Failure of the Mortgagor to meet the terms of this Arrangement will be sufficient cause for the Secretary to immediately terminate this Arrangement and to commence foreclosure action. Failure of the Mortgagor to meet the terms of the Arrangement is also grounds to the Department to consider taking administrative sanctions against the Mortgagor including, but not limited to, suspension or debarment from participation in HUD programs.

11. Criminal Sanctions for Misuse of Project Funds. The Mortgagor acknowledges that the use of project funds derived from the project covered by this Arrangement for any purpose other than to meet actual and necessary project expenses is a criminal offense punishable by a fine of not more that $5,000 and imprisonment of not more than three (3) years or both.

APPROVED:
MORTGAGOR: LAKE MEAD VILLAS

BY: Larry Little

TITLE: General Partner

DATE: JAN 2 6 1993

ASSISTANT SECRETARY FOR HOUSING-FEDERAL HOUSING COMMISSIONER

BY: [signature]

TITLE: Office Manager

DATE: 2/2/93