No. 03-1874C
Judge Hewitt

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

EWARD T. ARAKAKI and HELEN ARAKAKI,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

# PLAINTIFF'S SUPPLEMENTAL RESPONSE TO THE COURT'S JUNE 23, 2004 ORDER

# CERTIFICATE OF FILING

R. PATRICK JARESS, ESQ.
JARESS & LEONG, AAL, ALC
737 Bishop Street, Suite 2920
Honolulu, Hawaii 96813
Tel: (808) 531-3151

Attorney for Plaintiff

PLAINTIFF'S RESPONSE TO THE COURT'S JUNE 23, 2004 ORDER

When did the Closing take place that turned HUD's repudiation into to a breach? Plaintiffs claim June 27, 1996 is the operative "closing" date for the statute of limitations to begin running.

- The notice dated April 26 1996 in **Federal Register** regarding the sale of plaintiffs' loan said under "Dates" "Closing is expected to be in the middle June 1996."
- Under paragraph 3 (b) of the **Trust Certificate Purchase Agreement** a closing was projected on June 27 1996.
- Paragraph 5(x) of the **Trust Certificate Purchase Agreement** further provided that the Closing had to be accomplished by July 31 1996.
- Likewise under paragraph 5(a)(i) of the Trust Certificate Purchase Agreement the FHA had the right to withdraw up to $25 million in loans until the closing which is consistent the **Federal Register** April 26, 1996 notice of the sale. In the section of the notice entitled "FHA reservation of rights" it states that "the department reserves the right to delete any mortgage loan from the partially assisted sale as provided for in the bidding materials for any reason and without prejudice to its rights to include any deleted mortgage loan in future sale."
- The June 27 1997 closing date is consistent with Ex D of Plaintiffs' Opposition Memo **(letter from Assistant Secretary of HUD dated September 22 1997)**. Ex D, page 1, states "As you know, HUD included this loan (Arakaki's loan) in the June 27, 1996, partially Assisted Loan Sale."

Was Mr. Ewing authorized to promise Arakaki the right to bid if he invested $500,000 in the failed project?

- The July 18, 1995 **"Transmittal"** to HUD Asset Managers gives them the approach to loss mitigation on all the troubled projects. See Paragraph 1. The Work Outs were to be short term arrangements such as was promised to Plaintiffs when they invested the $500,000 (See Work Out submitted by the defense to the Court). Later, HUD provided the Work Out Agreement to Plaintiffs but didn't perform on the other agreement to allow them to bid on their loan.
- The purpose of the Work Outs (payment delays) contemplate the sale of the individual loans. The Work Outs would be "short term arrangements until the next applicable note sale." Ch 11 **"General work Out Philosophy." section 11-1**

- The May 24, 1996 and September 22, 1997 (Exhibit D) letters from the Assistant Secretary of HUD appear to ratify the agreement made by HUD and state that HUD simply changed its mind about letting Plaintiffs bid on their loan.

DATED: Honolulu, Hawaii, June 30, 2004.

R. PATRICK JARESS
Attorney for Plaintiffs
(808) 531-3151
(808) 531-6064

CERTIFICATE OF FILING

I hereby certify that on this 25th day of June, 2004, a copy of the foregoing "Plaintiff's Response To The Court's June 23, 2004 Order" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

DATED: Honolulu, Hawaii, June 25, 2004

R. PATRICK JARESS

CERTIFICATE OF FILING

I hereby certify that on this 30th day of June, 2004, a copy of the foregoing "Plaintiff's Supplemental Response To The Court's June 23, 2004 Order" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

DATED: Honolulu, Hawaii, June 30, 2004

R. PATRICK JARESS