**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| EDWARD T. ARAKAKI and HELEN ARAKAKI, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 03-1874C |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**<u>DEFENDANT'S ANSWER TO FOURTH AMENDED COMPLAINT</u>**

For its answer to the fourth amended complaint of plaintiffs, Edward T. Arakaki and Helen Arakaki ("Arakaki"), defendant admits, denies, and alleges as follows:

1. Denies the allegations contained in paragraph 1 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

2. Denies the allegations contained in paragraph 2 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

3. The allegations contained in paragraph 3 are conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, admits that the United States Department of Housing and Urban Development ("HUD") is an agency or department of the United States of America; otherwise denies the allegations contained in paragraph 3.

4. The allegations contained in paragraph 4 are conclusions of law, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

5. Denies the allegations contained in the first sentence of paragraph 5. Admits the allegations contained in the second sentence of paragraph 5.

6. Denies the allegations contained in paragraph 6 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

7. Admits the allegations contained in paragraph 7 only to the extent that the bank assigned the loan to HUD and HUD allowed the unpaid loan amount to accumulate without foreclosing pursuant to an express workout agreement; otherwise denies the allegations contained in paragraph 7.

8. Denies.

9. The allegations contained in paragraph 9 are plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

10. Denies.

11. The allegations contained in paragraph 11 are plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

12. Denies.

13. Denies.

14. Admits.

15. Admits.

16. Admits the allegations contained in paragraph 16 to the extent supported

by the "letter dated July 5, 1995" cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 16.

17. Admits the allegation that plaintiffs were precluded from bidding on their loan; otherwise denies the allegations contained in paragraph 17.

18. Admits.

19. The allegations contained in paragraph 19 are plaintiffs' characterization of the Government's case, to which no answer is required; to the extent that they may be deemed allegations of fact, denies that "HUD concedes that it gave assurances to Plaintiff that he could bid on his individual loan," otherwise admits to the extent supported by the Government's briefs and the transcript, which are the best evidence of any arguments made by the Government.

20. The allegations contained in paragraph 20 are conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

21. The allegations contained in paragraph 21 are conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

22. The allegations contained in paragraph 22 are conclusions of law and plaintiffs' characterization of their case, to which no answer is required; to the extent they may be deemed allegations of fact, they are denied.

23. Admits that Edward T. Arakaki filed a suit in Hawaii state court against HUD on June 5, 2002; otherwise denies the allegations contained in paragraph 23.

24. Denies that plaintiffs are entitled to the relief set forth in its prayer for relief (lettered A through D) following paragraph 23, or to any relief whatsoever.

25. Denies each and every allegation not previously admitted or otherwise qualified.

**AFFIRMATIVE DEFENSES**

26. The Government asserts the affirmative defense of statute of limitations, because plaintiffs' claims were filed outside of this Court's six-year statute of limitations.

27. The Government asserts the affirmative defense of statute of frauds, because plaintiff's alleged contract was not in writing.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/s/ Steven M. Mager

OF COUNSEL:
BATINA R. WILLS
Office of Litigation
Department of Housing and
Urban Development

STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor, 1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377

September 30, 2004

Attorneys for Defendant

CERTIFICATE OF FILING

I hereby certify that on this 30th day of September, 2004, a copy of the foregoing Answer was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

/s/ Steven M. Mager
Steven M. Mager
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice