**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| EDWARD T. ARAKAKI and HELEN ARAKAKI, | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 03-1874C |
| | ) | (Judge Hewitt) |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

**JOINT PRELIMINARY STATUS REPORT**

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiffs and defendant respectfully submit the following joint preliminary status report:

**a. Jurisdiction**

Plaintiffs assert that the Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491(a)(1). Compl. ¶ 4. Defendant has argued that this Court has no jurisdiction based upon the statute of limitations, but the Court has ruled that this determination must await further development. Answer ¶ 26. See Arakaki v. United States, 62 Fed. Cl. 244, 259-60 (Sept. 1, 2004).

**b.** **Consolidation**

The parties agree that this case should not be consolidated with any other case.

**c.** **Bifurcation**

The parties agree that trial of liability and damages should not be bifurcated. However, defendant may request a separate hearing on the statute of limitations issue, if appropriate.

**d.** **Deferral**

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

**e.** **Remand/Suspension**

The parties agree that no remand or suspension will be sought.

**f.** **Joinder**

The parties are not aware of any additional parties to be joined at this time.

**g.** **Dispositive Motions**

At this time, the parties cannot state whether further dispositive motions will be filed. After discovery has been completed, the parties may submit motions for summary judgment pursuant to RCFC 56.

**h. <u>Relevant Issues</u>**

(1) Whether the plaintiffs' claim accrued before the date of the sale of the mortgage, and thus the statute of limitations bars the plaintiffs' claims.

(2) Whether the date of the sale of the mortgage occurred prior to June 5, 1996, and thus the statute of limitations bars the plaintiffs' claims.

(3) Whether a HUD official with authority promised the plaintiffs a right to bid on their mortgage loan if it was ever to be sold by HUD.

(4) Whether the parties mutually intended to enter into an enforceable express oral or implied-in-fact contract granting the plaintiffs a right to bid on their mortgage loan if it was ever to be sold by HUD.

(5) Whether the statute of frauds bars the plaintiffs' claim, or whether partial performance excuses any failure to obtain an agreement in writing.

(6) If the parties entered into an enforceable express oral or implied-in-fact contract, whether the plaintiffs suffered damages as a result of any breach by HUD.

(7) If the parties entered into an enforceable contract, what the appropriate measure of damages should be.

**i. <u>Settlement</u>**

At this time, the parties cannot state whether this case can be settled. The parties will pursue settlement negotiations in good faith as the litigation progresses.

**j. <u>Trial</u>**

As stated above, after discovery has been completed, the parties may submit motions for summary judgment pursuant to RCFC 56. If a dispositive motion is not submitted, or if it is not completely dispositive of this action, the parties anticipate proceeding to trial. The defendant may request a separate hearing on the statute of limitations issue, if appropriate.

At this time, the parties do not request expedited trial scheduling.

Plaintiffs respectfully request that trial be held in Honolulu, Hawaii, the location of plaintiff Edward T. Arakaki. Defendant respectfully requests that trial be held in Las Vegas, Nevada, the location of potential witnesses and the subject property, or in the alternative, Washington, DC.

**k. <u>Electronic Case Management</u>**

The parties are not aware of any special issues regarding electronic case management needs at this time.

**l. Additional Information**

There is no additional information of which the Court should be aware at this time.

**m. Proposed Discovery Plan**

Counsel for both parties believe that discovery will be necessary; the parties may conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and/or depositions. Plaintiffs propose a discovery deadline of 3 months from the date of any scheduling order. Defendant proposes a discovery deadline of 6 months from the date of any scheduling order.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

/s/ Kathryn A. Bleecker
KATHRYN A. BLEECKER
Assistant Director

/s/ R. Patrick Jaress
R. PATRICK JARESS
Jaress & Leong
737 Bishop Street
Suite 2920
Honolulu, Hawaii 96813

/s/ Steven M. Mager
STEVEN M. MAGER
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street, NW
Washington, D.C. 20530
Tele: (202) 616-2377
Steven.Mager@usdoj.gov

November 22, 2004
Attorney for Plaintiffs

November 22, 2004
Attorneys for Defendant

**CERTIFICATE OF FILING**

I hereby certify that on this 22nd day of November, 2004, a copy of the foregoing "JOINT PRELIMINARY STATUS REPORT" was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Steven M. Mager
Trial Attorney
Commercial Litigation Branch
Civil Division
Department of Justice