# In the United States Court of Federal Claims

No. 03-1874 C

(E-Filed: January 9, 2006)

| | |
|---|---|
| EDWARD T. ARAKAKI and HELEN ARAKAKI, Plaintiffs, | ) |
| v. | ) |
| THE UNITED STATES, Defendant. | ) |

## ORDER

Before the court is Plaintiffs' Memorandum in Opposition to Defendant's Motion for Summary Judgment Filed on November 15, 2005 (Response). The Clerk's Office has notified chambers that plaintiff's Response does not comply with the several of the Rules of the United States Court of Federal Claims (RCFC).

RCFC 11(a) requires that "[e]very pleading, motion, and other paper shall be signed by or for the attorney of record in the signing attorney's own individual name, or, if the party is not represented by an attorney, shall be signed by the party." In addition, General Order No. 42A states that

> [i]f possible, each ECF filing shall, on the first page thereof, contain a banner stating that it was "Electronically Filed on [date]." ECF filings shall include a signature block in compliance wiht RCFC 11(a). As part of that block, the name of the Filing User under whose log-in and passoword the document is submitted shall be preceded by a "s/" and shall be typed in the space where the signature would otherwise appear. Alternatively, a party may file a scanned document that contains a written signature.

Plaintiffs' Response does not comply with these signature requirements. Nevertheless, the court ACCEPTS plaintiff's filing. With respect to compliance with the RCFC in future filings, plaintiff is advised that "[a] filing that does not comply with the[] signature requirements [of RCFC 11(a)] shall be deemed to violate RCFC 11 and <u>may be stricken</u>." General Order No. 42A (emphasis added).

RCFC 5.2(a)(1)(A) requires that "briefs or memoranda [of over ten pages] . . . contain . . . a table of contents, including the specific contents of any appendix or appendices to the brief or memorandum, listing the various items in the appendix, including the number and description of every item and exhibit that is being reproduced, together with the number of the page at which the item appears." Moreover, RCFC 5.2(a)(1)(G) requires that briefs or memoranda of over ten pages that have an appendix that is not incorporated into the same volume as the brief contain an additional such table of contents to the appendix "at the beginning of the appendix." Plaintiffs' Response does not comply with these requirements. Notwithstanding these deficiencies, plaintiffs' filing shall remain on the docket. Plaintiffs shall, on or before Wednesday, January 18, 2006, file a table of contents to its appendix with a motion to permit such filing. The signature block on that motion and on all future filings shall comply with General Order No. 42A and RCFC 11(a).

RCFC 56(h)(2) states that "[t]he opposing party may also file proposed findings of uncontroverted fact as to any relevant matters not covered by the moving party's statement. . . . [I]n the absence of a cross-motion [such additional statements of proposed findings] shall be set forth in a separate document." Plaintiffs' Response includes a "Statement of Facts" on page 7. If plaintiffs intend this to constitute their proposed findings of uncontroverted fact, or if plaintiffs intend to file separate proposed findings of uncontroverted fact, it must set forth these facts in accordance with RCFC 56(h) and file these proposed findings as a separate docket entry on or before Wednesday, January 18, 2006.

Finally, in accordance with General Order No. 42A, Provision I.5., because plaintiffs' Response, "including exhibits or attachments . . . , exceed[s] 50 pages when printed," defendant "shall supply chambers with a courtesy copy of the document in paper form" on or before Wednesday, January 18, 2006.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge