# In the United States Court of Federal Claims

No. 03-1874 C

(E-Filed: January 19, 2006)

| | |
|---|---|
| EDWARD T. ARAKAKI and HELEN ARAKAKI,<br>Plaintiffs, | ) |
| v. | ) |
| THE UNITED STATES,<br>Defendant. | ) |

## ORDER

Before the court is Plaintiffs' Motion for Leave to File a Table of Contents to Appendix (Motion). The Clerk's Office has notified chambers that plaintiffs' Motion does not comply with the requirement of the Rules of the United States Court of Federal Claims (RCFC) for electronic signatures. Plaintiffs' filing of January 7, 2006 was similarly defective. On January 9, 2006, the court directed plaintiffs' counsel as follows:

> RCFC 11(a) requires that "[e]very pleading, motion, and other paper shall be signed by or for the attorney of record in the signing attorney's own individual name, or, if the party is not represented by an attorney, shall be signed by the party." In addition, General Order No. 42A states that
>
> > [i]f possible, each ECF filing shall, on the first page thereof, contain a banner stating that it was "Electronically Filed on [date]." ECF filings shall include a signature block in compliance wiht RCFC 11(a). As part of that block, the name of the Filing User under whose log-in and passoword the document is submitted shall be preceded by a "s/" and shall be typed in the space where the signature would otherwise

> appear. Alternatively, a party may file a scanned document that contains a written signature.
>
> Plaintiffs' Response does not comply with these signature requirements. Nevertheless, the court ACCEPTS plaintiff's filing. With respect to compliance with the RCFC in future filings, plaintiff is advised that "[a] filing that does not comply with the[] signature requirements [of RCFC 11(a)] shall be deemed to violate RCFC 11 and may be stricken." General Order No. 42A (emphasis added).

Order of January 9, 2006 at 1-2. Not withstanding this deficiency, plaintiffs' Motion shall remain on the docket. Plaintiffs' Motion is hereby GRANTED. The signature block on all of plaintiffs' future filings shall appear as follows:

> s/ R. Patrick Jaress
> R. PATRICK JARESS
> Attorney for Plaintiffs
> EDWARD ARAKAKI and
> HELEN ARAKAKI

Moreover, plaintiffs have not complied with the following guidance in the court's Order of January 9, 2006:

> RCFC 56(h)(2) states that "[t]he opposing party may also file proposed findings of uncontroverted fact as to any relevant matters not covered by the moving party's statement. . . . [I]n the absence of a cross-motion [such additional statements of proposed findings] shall be set forth in a separate document." Plaintiffs' Response includes a "Statement of Facts" on page 7. If plaintiffs intend this to constitute their proposed findings of uncontroverted fact, or if plaintiffs intend to file separate proposed findings of uncontroverted fact, it must set forth these facts in accordance with RCFC 56(h) and file these proposed findings as a separate docket entry on or before Wednesday, January 18, 2006.

Order of January 9, 2006 at 2. Plaintiffs filed a document which is not signed by counsel and does not state that it is plaintiffs' proposed findings of uncontroverted fact in accordance with RCFC 56(h), but rather appears to be a response to defendant's proposed findings of uncontroverted fact. If plaintiffs wish the court to consider a statement of uncontroverted facts, they must file their statement on or before Monday, January 30 2006, in accordance with the Rules of the Court of Federal Claims.

Finally, the court corrects an error in the last paragraph of its Order of January 9, 2006. The last clause should read "plaintiffs 'shall supply chambers with a courtesy copy of the[ir response] in paper form' on or before Wednesday, January 18, 2006." Because of this mistake in the Order, plaintiffs shall supply chambers with a courtesy copy of their response in paper form on or before Monday, January 30, 2006.

IT IS SO ORDERED.

s/ Emily C. Hewitt
EMILY C. HEWITT
Judge